This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38419**

**WENDY FLETCHER n/k/a
WENDY SMITH,**

Petitioner-Appellee,

v.

**HAROLD RAY FLETCHER,**

Respondent-Appellant,

and

**STATE OF NEW MEXICO ex rel.
HUMAN SERVICES DEPARTMENT,**

Intervenor.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY
Donna J. Mowrer, District Judge**

Harmon Barnett Morris, P.C.
Tye C. Harmon
Clovis, NM

for Appellee

Harold Ray Fletcher
Jefferson, GA

Pro Se Appellant

### MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}**     Respondent appeals from the district court's order setting ongoing child support and entering judgment for retroactive child support, entered July 24, 2019. In this Court's notice of proposed disposition, we proposed to summarily affirm. Respondent filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}**     In his memorandum in opposition, Respondent argues that the district court should have applied Georgia law—which, he contends, does not allow retroactive child support awards—in determining whether to award retroactive child support. [MIO 1] Respondent argues that this was preserved in argument #3, apparently referring to his docketing statement in which he requested case law to show that the imposed $19,000 was lawful. [MIO PDF 1]

**{3}**     Contrary to Respondent's understanding, to preserve an issue for our review, Respondent must have invoked a ruling by the district court. *See* Rule 12-321(A) NMRA ("To preserve an issue for review, it must appear that a ruling or decision by the *trial court* was fairly invoked." (emphasis added)). Respondent does not explain how he preserved this issue in district court, and our review of the record does not indicate that he did so. Even if Respondent did request that the district court specifically cite case law to support its decision, this would not, without more, "alert the district court" to Respondent's claim that it should apply Georgia law. *See Kilgore v. Fuji Heavy Indus. Ltd.*, 2009-NMCA-078, ¶ 50, 146 N.M. 698, 213 P.3d 1127, *rev'd on other grounds by* 2010-NMSC-040, 148 N.M. 561, 240 P.3d 648.

**{4}**     To the extent Respondent intends to argue that Georgia, not New Mexico, had jurisdiction over the parties and/or subject matter, this argument likewise was not preserved because Respondent stipulated that the district court "had jurisdiction over the parties and the subject matter[.]" [RP 49] *See* Rule 12-321(A). Finally, even if Respondent had preserved this issue, he provides no authority for his contention that Georgia law should apply. Therefore, we affirm the district court as to this issue. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063. ("The presumption upon review favors the correctness of the trial court's actions. Appellant must affirmatively demonstrate its assertion of error."); *Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists.").

**{5}**     Regarding the first and second issues Respondent asserted in his docketing statement, he has failed to include further argument as to these issues in his memorandum in opposition, so we deem these issues abandoned. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (explaining that when a case is decided on the summary calendar, an issue is deemed abandoned when a party fails to respond to the proposed disposition of that issue). Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm the district court's order. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{6}** IT IS SO ORDERED.

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**MEGAN P. DUFFY, Judge**